IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PACIFIC HOLDINGS
PARTNERSHIP,

                    Plaintiff,

          v.

MONICA WILCOX and All Others,

                    Defendant.

CIVIL ACTION FILE NO.

1:16-CV-03703-TWT-JFK

## FINAL REPORT AND RECOMMENDATION

The above-styled case has been removed from the Magistrate Court of DeKalb County [Doc. 1-1] and is before the undersigned on Defendant Monica Wilcox's application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

## I.      Background Facts

Plaintiff Pacific Holdings Partnership, the owner of the real property commonly known as 3201 Fairington Village Drive, Lithonia, Georgia 30038, filed a dispossessory proceeding in the Magistrate Court of DeKalb County, Georgia, on September 19, 2016, against Defendant Monica Wilcox and all others for failure to pay rent now past due.  [Doc. 1-1 at 4 ("Dispossessory Warrant")].[1]  On October 4, 2016, Defendant Wilcox filed a notice of removal from the Magistrate Court of DeKalb County, Georgia.  [Doc. 1-1 ("Removal")].

## II.     Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "'In a given case, a federal district court must have at least one of three types of subject matter jurisdiction:  (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).'"  <u>SBS 276, LLC v. Walker</u>, 2013 WL

---

[1]The court's page citation is to the CM/ECF pagination.

3784988, at *2 (N.D. Ga. July 17, 2013) (quoting <u>Baltin v. Alaron Trading Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997)); <u>and see</u> <u>Dabney v. Shapiro & Fishman, LLP</u>, 2012 WL 10816231, at *2 (N.D. Fla. February 9, 2012) ("Subject-matter jurisdiction in federal court may be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity.").   "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).   <u>See also</u> <u>Arbaugh v. Y & H Corp.</u>, 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant Wilcox alleges as a basis for removal the court's federal question subject matter jurisdiction. [Removal]. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of

3

the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted). Potential defenses or counterclaims involving the Constitution or laws of the United States are ignored. See Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

Defendant contends that Plaintiff's proceeding constitutes violation of 15 U.S.C. § 1692 and other federal statutes as well as the Fourteenth Amendment to the U.S. Constitution. [Removal].[2] In the present case, Plaintiff, the master of the claim, relied exclusively on state law in its dispossessory proceeding. [Dispossessory Warrant]. A

---

[2]Defendant references enjoining the actions of the Magistrate Court and setting aside a judgment of that court as well as an illegal eviction and writ of possession. [Removal]. Defendant seeks a temporary restraining order and an injunction. [Id.]. It is not clear that the Magistrate Court has entered any such orders. However, if an order of eviction or a writ of possession has been entered, "the Court cannot provide [Defendant Wilcox] any such relief." Aning v. Fed. Nat'l Mortg. Assoc., 2014 WL 12115976, at *7 (N.D. Ga. September 25, 2014). As stated by District Judge Cooper in Aning, "Courts have consistently held that the [Anti-Injunction] Act[, 28 U.S.C. § 2283,] precludes a district court from enjoining a state-ordered eviction." Id. (citing Paulo v. OneWest Bank, FSB, 2014 WL 3557703, at *5 (N.D. Ga. July 18, 2014); Baker v. CitiMortgage, Inc., 2013 WL 4217433, at *4 (N.D. Ga. August 14, 2013); Bailey v. Deutsche Bank Trust Co. Americas, 2013 WL 395969, at *1 (S.D. Ga. January 31, 2013)). Nor may this court act as an appellate court to review or overturn a magistrate court's final order in a dispossessory proceeding. See U.S. Bank Nat'l Assoc. v. Sanders, 2015 WL 1568803, at *3 n.5 (N.D. Ga. April 7, 2015); Sykes v. JPMorgan Chase Bank, N.A., 2014 WL 12115999, at **8-9 (N.D. Ga. April 28, 2014); Paulo v. OneWest Bank, FSB, 2014 WL 3557703, at *5.

dispossessory action is brought pursuant to O.C.G.A. § 44-7-50.  See Ikomoni v. Executive Asset Mgmt., LLC, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq*.'") (citation omitted; emphasis added).  No federal question is presented on the face of Plaintiff's well-pleaded complaint.  [Dispossessory Warrant].

        Although Defendant Wilcox does not appear to base her removal on federal diversity jurisdiction, she does allege that the amount in controversy exceeds $75,000. [Removal].  The court will address whether diversity jurisdiction exists.  Section 1332(a) of Title 28 provides in pertinent part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between - (1) the citizens of different States . . . ."  28 U.S.C. § 1331(a).  Jurisdiction under this provision requires complete diversity of citizenship between the plaintiff and all defendants.  See MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff.").  Here, there is no evidence of diversity of citizenship, and Plaintiff asserts that both she and Plaintiff are citizens of the State of Georgia.  [Doc. 1-2 ("Civil Cover Sheet")].  As to

5

damages, Plaintiff's dispossessory proceeding seeks the ejectment of Defendant from the property due to failure to pay past due rent of $1,400 and rent accruing to the date of judgment or vacancy at a rate of $700 per month and other fees and costs of less than $1,000.00.  [Dispossessory Warrant].  Again, the court looks to Plaintiff's claim to determine whether removal jurisdiction is appropriate.  See Burns, 31 F.3d at 1095; Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001) ("the status of the case *as disclosed by the plaintiff's complaint* is controlling in the case of a removal[,] . . . [t]herefore, the claims as asserted by the defendant are not to be considered when determining the propriety of removal and if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow") (citations and internal quotation marks omitted; emphasis in original).  The face of the complaint shows that the amount in controversy does not exceed the $75,000.00 required for the court to have diversity jurisdiction as a basis for removal.

There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption.  Caterpillar, 107 S. Ct. at 2430.  For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

6

### III.    Conclusion

Accordingly, because Defendant has failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of DeKalb County.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 4th day of October, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

7